IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jeffrey D. Huggins, | ) | C/A No.: 6:05-0983-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

The plaintiff, Jeffrey Huggins, brought this action pursuant to 42 U.S.C. §§ 405(g), and 1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security denying his claim for Supplemental Security Income benefits ("SSI") and Disability Insurance Benefits (DIB).

**Scope of Review**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. See, e.g., Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the

1

[Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in Flack v.Cohen, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

## Administrative Proceedings

The plaintiff filed his current application for DIB on July 17, 2002, alleging a disability onset date of July 26, 2001, due to cysts on his feet, numbness in his right arm and left foot, dizziness, headaches, and blurred vision. His application was denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge (ALJ) which was held March 10, 2004. The ALJ issued a decision on December 21, 2004, finding that the plaintiff does not have a disability under the Act because he has the residual functional capacity to perform sedentary work and could perform other work existing in significant numbers in the national economy. On February 16, 2005, the Appeals Council declined review of the ALJ decision; thus, the ALJ decision became the Commissioner's "final decision" for purposes of judicial review. *See* 42 U.S.C. §405(g); 20 C.F.R. §§ 404.981, 416.1472 (2005).

The ALJ made the following findings in this case:

(1) The claimant met the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for

benefits through the date of this decision.

(2) The claimant has not engaged in substantial gainful activity since July 26, 2001.

(3) The medical evidence establishes that the claimant has insulin dependent diabetes mellitus, peripheral neuropathy, and plantar nodules. However, he does not have an impairment, or combination of impairments that meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

(4) The claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

(5) The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR §§ 404.1527 and 416.927).

(6) The claimant retains the residual functional capacity to perform the full range of sedentary work.

(7) The claimant is unable to perform any of his past relevant work (20 CFR §§ 404.1565 and 416.965).

(8) The claimant is a "younger individual between the ages of 18-44" (20 CFR §§ 404.1563 and 416.963).

(9) The claimant has a high school education (20 CFR §§ 404.1564 and 416.964).

(10) Based on a finding the claimant can perform the full range of sedentary work, and using Medical-Vocational Rules 201.27 and 201.28 as a framework for decision making.

(11) The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(f) and 416.920(f)).

**Facts**

The plaintiff was born on August 11, 1962 and has a high school education; he was 41

(forty-one) years old at the time of the hearing. The ALJ found that he has prior relevant work experience as a picture framer and construction laborer.

## Appeal from the Commissioner's Decision

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to United States Magistrate Judge William M. Catoe. On March 1, 2006, Magistrate Judge Catoe filed a Report and Recommendation ("the Report") recommending that the decision of the Commissioner be reversed and the case be remanded for further proceedings based upon inadequate medical evidence as to the plaintiff's mental condition and consideration of the plaintiff's medication and subjective complaints of fatigue in connection with his credibility determination.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## Objections

The defendant filed objections to the Report on March 15, 2006, alleging that the case should not be remanded on the issue of the plaintiff's mental condition, as "there was no evidence whatsoever to support Plaintiff's late allegation of mental impairment." Defendant also contends that the ALJ was not required to discuss each piece of evidence at the hearing; that the record does

not reflect that the plaintiff reported medication side effects to his physicians; and that no physician has found that the plaintiff has any work-related limitations due to fatigue.

## Analysis

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents her from doing substantial gainful employment. 20 C.F.R. §404.1503(a). If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1503(a); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981).

A plaintiff is not disabled under the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant. Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir.

1983).

Once the claimant establishes an inability to return to her past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden by demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. English v. Shalala, 10 F.3d 1080 (4th Cir. 1993).

### Evaluation of Effect of Use of Medications and Alleged Side Effects

The Magistrate Judge and the plaintiff assert that the ALJ did not properly evaluate his use of medications and alleged side effects when he found that the plaintiff's allegations regarding his limitations were not "totally credible." This Court agrees. Under Social Security Ruling 96-7, the ALJ must set forth "specific reasons for the finding on credibility, supported by the evidence in the case record." The evidence reveals that the plaintiff takes a significant amount of medication which could make him sleepy and affect his ability to concentrate. Therefore, the case is remanded for consideration by the ALJ of the effect of the plaintiff's medications on his findings regarding the plaintiff's credibility.

### Need for Psychological Evaluation

The plaintiff also contends, and the Magistrate Judge agrees, that the record is not sufficiently developed with regard to the plaintiff's mental condition and that the ALJ erred when he did not order a psychological evaluation of the plaintiff. "[E]ven though the record as it is presented to the court may contain substantial evidence to support the Secretary's decision, the court may still exercise its power to remand for the taking of additional evidence." Walker v. Harris, 642 F.2d 712, 714 (4th Cir. 1981).

This Court agrees with the Magistrate Judge that the evidence regarding the plaintiff's mental condition is inadequate. Accordingly, the case is also remanded for referral of the plaintiff for a mental examination and assessment of his mental residual functional capacity.

## **CONCLUSION**

Under 42 U.S.C. §405(g), this Court may affirm, modify, or reverse the Commissioner with or without remanding the case for further proceedings. An award of benefits by the Court is only appropriate when "all factual issues have been resolved and the 'record can yield but one supportable conclusion." Bristoe v. Barnhart, 425 F.3d 345 (7th Cir. 2005). Accordingly, this Court reverses the case under sentence four of 42 U.S.C. §405(g) and remands the case to the ALJ for further proceedings consistent with this order.

**IT IS SO ORDERED**

                                                      s/ R. Bryan Harwell
                                                      R. Bryan Harwell
                                                      United States District Judge

September 27, 2006
Florence, South Carolina